## SHANTILAL BROTHERS LTD., Plaintiffs

### v.

## SAMOA MISCELLANEOUS, INC., Defendants

High Court of American Samoa
Trial Division

CA No. 64-94

March 8, 1996

Before KRUSE, Chief Justice, TAUANU`U Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Ellen A. Ryan
 For Defendant, Marshall Ashley

Order Granting Motion for Summary Judgment:

### FACTS

This case arises out of purchases made by the defendant on an open

account with plaintiff. The defendant acknowledges the purchases, but disputes the balances owing, specifically with respect to 18 percent interest charges which plaintiff allegedly attempts to collect. Defendant now moves for summary judgment, arguing that American Samoa's usury law requires the plaintiff to forfeit the entire amount of the debt as a penalty for charging interest in excess of the amount permitted by law.

## DISCUSSION

### 1. The Usury Defense in Civil Court

American Samoa's usury law, found at A.S.C.A. § 28.1510 (emphasis added), states:

> Any person who loans money or extends credit in any manner whatsoever and takes, receives, reserves, or assesses interest, fees, or minimum charges thereon at a rate higher than that allowed by law shall *upon conviction* be sentenced as for a class A misdemeanor; *and in addition,* shall forfeit to the debtor the full amount of the debt or obligation upon which the unlawful interest, fee, or minimum was charged.

The threshold issue in this case is that question earlier posed, but left unanswered, in *Shantilal Brothers v. K.M.S.T. Wholesale,* 9 A.S.R.2d 62, 65 (Trial Div. 1988), and that is, "whether the penalty of forfeiture applies only after a criminal conviction or whether it can be invoked by a defendant in a civil action."

The language of the statute is grammatically ambiguous. It adds the forfeiture provision "in addition" to the sentencing provision. This "in addition" language could be construed as creating a civil remedy "in addition" to the criminal sentence; or conversely, it might also be read as creating an additional feature of the criminal sentence "in addition" to those that are authorized for other class A misdemeanors.

The Appellate Division of the High Court of the former Trust Territory of the Pacific Islands considered a similar question and held that:

> The imposition of criminal penalties clearly manifests an intent to protect the borrower and contracts to recover interest in excess of the 2% per month are void at least with respect to the interest in excess of 2% per month.

*Kingzio v. Bank of Hawaii*, 7 T.T.R. 343, 346 (App. Div. 1975).[1] 33 T.T.C. § 253. In making the foregoing ruling, the *Kingzio* Court considered a petition by a private debtor in civil court, which was founded on a purely criminal statute with no explicit forfeiture provision. The court gave effect to a criminal statute to create a usury defense in a civil case, for the purpose of protecting the debtor from interest exceeding legal limits.

■ The implicit rationale of *Kingzio* is that it would contravene public policy to permit a creditor to recover or retain criminally usurious interest, simply because no prosecution had taken place. It would similarly contravene American Samoa's stated policy that usury be punished by absolute forfeiture, if we were to permit a creditor to use the courts to recover a usurious debt by denying the debtor the right to raise usury as a defense to liability. In light of the foregoing analysis, the legislative aims of the usury law are best satisfied by reading the ambiguous forfeiture provision as creating a defense for debtors in civil court.[2]

---

[1] The applicable statute in this case stated:

> Any person who directly or indirectly receives any interest, discount, or consideration for or upon the loan of forbearance to enforce the payment of money, goods and things in action, greater than two percent per month, shall be guilty of usury, and *upon conviction thereof*, shall be imprisoned for a period of not more than six months, or fined not more than one hundred dollars, or both.

[2] *Kingzio* is not precisely on point, because it deals with the forfeiture of excessive interest, while the present case deals with the potential forfeiture of the entire debt. The principles of *Kingzio* can be extended with little difficulty, however, because the *Kingzio* Court held that the common law right to recover usurious interest "exists only if it is declared illegal to collect excess interest or the statute provides that a contract to collect excess interest above the stated rate is *void in whole* or in part." *Kingzio, supra* at 347 (emphasis added). In other words, the availability of the common law right to recover usurious interest, and the extent of the recovery depend upon the statutory scheme. Whether the statute declares a usurious contract void as a whole or only to the extent of the usury, a personal right to use usury as a defense to a suit on the contract exists at common law. *See* 45 AM JUR 2D *Interest & Usury* §§ 288, 311. In the present case if usury is found, the contract must be declared "void in whole."

## 2. Usury in the Present Case

Having concluded that the usury statute creates a defense in civil court, we next consider whether the debt disputed in the present case is in fact usurious, making that defense successful. This question has a factual element and a legal element. The legal aspect of the issue is the maximum interest rate permitted by law, the factual aspect is the interest rate plaintiff actually charged.

### A. The Maximum Interest Rate

Plaintiff claims that it was entitled to charge interest at a rate of 18 percent according to
A.S.C.A. § 28.1503 which reads, in relevant part:

> It is lawful to charge, contract for, and receive any rate or amount of interest or other compensation, not to exceed 18 percent annually, with respect to any loan to any business or commercial organization or to a person owning . . . a business . . ., if the loan is transacted solely for the purpose of carrying on . . . a business or commercial investment.

Plaintiff argues that defendant is a business and assumed its debts in carrying on its business purposes, and that plaintiff was therefore justified in charging interest at a rate of 18 percent. Defendant argues, however, that A.S.C.A. § 28.1501(a) applies:

> Except as provided in this title, no person may charge more than 15 percent a year as interest on a debt or obligation, and no agreement to pay a rate of interest higher than 6 percent a year shall be enforceable unless the same is in writing and is signed by the party to be charged. The rate of interest where there is no written agreement with respect thereto shall be 6 percent a year, and interest shall be presumed on overdue debts.

Defendant reasons that since there was no written and signed agreement to pay interest at a higher rate, 6 percent was the correct rate. The foregoing language makes room for exceptions with the language, "Except as provided in this title . . . ." The business loans described in A.S.C.A. § 28.1503 certainly fall into this category of exceptions. The proper questions before this court are, first, whether the present case falls within the exception; and, second, whether the exception applies only to the 15 percent interest ceiling, or if it extends to nullify the requirement of a signed writing.

In *Trans United Marketing v. Haleck*, CA No.2726-74, slip op. at 2, 4 (Trial Div. Feb. 23, 1977), the Trial Division of this court held that a credit arrangement between a supplier and a retailer was not a business loan within the meaning of A.S.C.A. § 28.1503 (at least if interest began accruing only after the payment due date), and therefore could not utilize 18 percent interest. The Appellate Division, however, found this analysis to be unsound:

> [W]e do not concur in so much of the Trial Judge's *obiter dicta* as relates to the non-applicability of [A.S.C.A. § 28.1503]. Analysis of the instant transaction would have led us to conclude that, even if the interest rate had been held . . . to be inconsistent with [A.S.C.A. 28.1501(a)], it would have been entirely permissible and legitimate under [A.S.C.A. § 28.1503] which statute, we conclude, is herein applicable. The practice of the defendant was to use the plaintiff's money to carry on its business. . . . the defendant had adopted a policy of fiscal delinquency to creditors in order to "keep the company afloat" . . . . Clearly the use of plaintiff's funds to "keep the company afloat" falls well within the ambit of "carrying on a business" [A.S.C.A. § 28.1503].

*Haleck v. Trans United Marketing*, AP No. 15-77, slip. op. at 5 (App. Div. December 2, 1977). Applying the foregoing analysis, it is clear that the credit arrangement in the present case falls within the business loan exception of A.S.C.A. § 28.1503, which permits an 18 percent interest rate to be charged, and is an exception to the generally applicable 15 percent ceiling imposed in A.S.C.A. § 28.1501(a).

█ The question remaining is, therefore, whether § 28.1503 operates as an exception to all of the requirements of § 28.1501(a), including the requirement that the debtor agree in writing to pay interest at a rate greater than 6 percent. Although the *Haleck* court did not directly address this issue, its analysis assumed the necessity of an agreement between the parties:

> The Trial Judge found, as a fact, that the corporate parties agreed on a rate of interest of 8% per annum upon the drafts here in question.

*Id.* at 4. The *Haleck* Court also found that these interest payments and late fees were "the commercial choice of the defendant made with eyes `wide open'," and that the defendant "chose to incur it." *Id.* It is also

211

worthy of note that the transactions involved in the *Haleck* case required the debtor to "execute" a written "acceptance" of draft documents with the language "plus interest at 8%" stamped on them. *Trans Union Marketing, supra* at 4 (Trial Div.). This analysis clearly supports the principle that § 28.1503 permits debtor and creditor to agree to an 18% interest rate, but not that the creditor may unilaterally charge this rate without agreement from the debtor. It also seems to support the requirement of a writing evidencing assent by the debtor as a prerequisite to charging more than the standard 6 percent rate. The alternative to these requirements is to permit creditors to charge interest up to the maximum business rate, without disclosing the interest rate to the debtor beforehand nor receiving his agreement to pay it. In our view, this would be an unacceptable interpretation of the statute.

Furthermore, we find that the language of § 28.1501(a), which imposes requirements which are generally effective, "Except as provided in this title," textually requires that exceptions be incompatible with § 28.1501(a), otherwise no exception is "provided." The 18 percent interest ceiling of § 28.1503 is in direct conflict with the 15 percent ceiling imposed by § 28.1501(a), and is therefore an exception to the general requirement. There is no requirement in § 28.1503 which precludes us from applying the requirement of § 28.1501(a), that agreements for interest at a rate higher than 6 percent be documented by a writing signed by the party to be charged. On the contrary, § 28.1503 makes it lawful to "contract for" interest at the 18 percent maximum rate, indicating that an agreement between the parties is necessary. Defendant's affidavit gives unanswered assertions that defendant never agreed to interest charges either orally or in writing. Even construing such evidence in favor of the non-moving party, there can be no dispute as to material facts that go unrefuted. The proper rate of interest was, therefore, only 6 percent.

### B. The Interest Rate Charged

Although this is a factual matter of considerable dispute, it is no longer material in light of our holding that 6 percent was the maximum allowable interest rate. Resolving factual issues in favor of plaintiff, the interest charged was at least 14.74 percent, far above the 6 percent maximum rate, and was, therefore, usurious.

### ORDER

We enter summary judgment in favor of the defendant, dismissing this lawsuit with prejudice.

It is so ordered.